[No. 21667. Department Two. June 3, 1929.]

HENRY NEIFORT, *Respondent*, v. ARTHUR E. DAVIS *et al.*, *Appellants*.[1]

*Grady & Velikanje,* for appellants.
*Thos. H. Wilson* and *Geo. H. Mullins,* for respondent.

PER CURIAM—In March, 1921, appellants purchased a tract of land containing approximately twenty-three acres, paying therefor the sum of three thousand dollars. At the same time, they borrowed from respondent, who was the uncle of Arthur E. Davis, the sum of five hundred dollars, which money was used in the purchase of the land. A few months thereafter, the appellant and respondent measured off a small tract of about two and one-half acres in one corner of the tract, and the respondent went into possession of the same, improved it with a small dwelling house, some chicken houses, and has been farming the same ever since. Respondent claims that he purchased the land, paying therefor the five hundred dollars, while appellants claim that respondent was to have only a lease for the term of his life, respondent being an old man,

[1]Reported in 277 Pac. 993.

458

now past seventy years of age. Some statements made by the trial court at the conclusion of all of the testimony indicated that the court was not satisfied that respondent had sustained the burden of proof by testimony which was clear and convincing. But in the decree which was signed, the court recites:

". . . and having read the briefs of respective counsel, and having duly considered the same and the law and the evidence, and being fully advised in the premises from clear and convincing evidence, etc."

Following the rule which we have laid down relative to formal orders of the court, particularly those relating to granting or refusing new trials, this court will not go back of the formal order entered. We will therefore assume that the trial court found that respondent had sustained the burden of proof by evidence which was clear and convincing.

Practically the only dispute between the parties in this case is the character of title which respondent was to obtain, respondent claiming that he was to receive a fee simple title, and appellants claiming that he was to receive a lease for the term of his natural life. It stands practically undisputed in the record that respondent paid the full value of the fee simple title, and we think he would be presumed to have contracted to receive that character of title for which he had fully paid. An examination of the testimony of various witnesses detailing statements of appellants convinces us that the court was fully warranted in finding that the respondent had sustained the burden by clear and convincing evidence.

Judgment affirmed.